## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2020, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Paul Steven Mills, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 21, 2020 <br><br> Court of Appeals Case No. <br> 20A-CR-874 <br><br> Interlocutory Appeal from the <br> Vermillion Circuit Court <br><br> The Honorable Jill D. Wesch, Judge <br><br> Trial Court Cause No. <br> 83C01-1906-F3-3 |

**Crone, Judge.**

# Case Summary

Paul Steven Mills engaged in disruptive behavior while in jail awaiting trial. The sheriff filed a motion for Mills to be transferred to a facility of the Indiana Department of Correction (DOC) pursuant to Indiana Code Section 35-33-11-1, alleging that he represented a substantial threat to the safety of others. The trial court granted the motion. Mills now appeals, asserting that the trial court erred. We disagree and therefore affirm.

# Facts and Procedural History

Mills was confined in the Vermillion County Jail on multiple charges. On January 31, 2020, Sheriff Michael Phelps and Jail Commander Derrek Williams wrote a letter/motion to the trial court that reads,

> I am submitting this letter as a request that [Mills] be ordered to the [DOC] for safe keeping. Mr. Mills has been incarcerated in the Vermillion County Jail since 06/05/2019 and in that time he has been disruptive to the safety and security of the Vermillion County Jail. On several occasions Paul has threatened to inflict harm to himself with stating on several occasions that he wanted to kill himself. The staff are under constant threat from Mills as he is verbally abusive towards them trying to instigate a confrontation often stating "I am going to get all of you". Mr. Mills poses a threat with bodily waste as he has urinated and defecated in his cell, on the floor and out of the meal tray door.
>
> Most recently Paul Mills has attacked another inmate and is back in a holding cell due to not being able to safely house him in general population. Mills takes constant supervision and poses a significant burden on the staff of the Vermillion County Jail to the point that he is a safety and security risk to the facility.

Therefore pursuant to [Indiana Code Section] 35-33-11-1 it is my opinion that Paul Mills does represent a substantial threat to the safety of himself and others.

Appellant's App. Vol. 2 at 160.

[3] Indiana Code Section 35-33-11-1 provides as follows:

Upon motion by the:

(1) sheriff;
(2) prosecuting attorney;
(3) defendant or his counsel;
(4) attorney general; or
(5) court;

alleging that an inmate in a county jail awaiting trial is in danger of serious bodily injury or death or represents a substantial threat to the safety of others, the court shall determine whether the inmate is in imminent danger of serious bodily injury or death, or represents a substantial threat to the safety of others. If the court finds that the inmate is in danger of serious bodily injury or death or represents a substantial threat to the safety of others, it shall order the sheriff to transfer the inmate to another county jail or to a facility of the department of correction designated by the commissioner of the department as suitable for the confinement of that prisoner and provided that space is available. For the purpose of this chapter, an inmate is not considered in danger of serious bodily injury or death due to an illness or other medical condition.

[4] On February 4, 2020, the trial court held a hearing on the motion, at which Phelps, Williams, and Mills testified. Phelps testified that Mills "keeps an entire [cell] block riled up on a regular basis" and battered another inmate "just

last week." Tr. Vol. 2 at 5, 7. Mills was charged with level 6 felony battery for that incident.[1] According to Phelps, Mills threw his urine and feces into his cell and out "the meal tray doorway, which is where the meal trays are literally put into the block[,]" and also "threatened to [throw] his feces and urine on staff." *Id*. at 5-6. Moreover, Mills "ran his head into the wall several times" and had been in and out of a padded isolation cell due to his behavior. *Id*. at 7. Phelps stated,

> [Mills] says he's going to keep doing it. And at the same time you can't put him back in a regular block because he may hurt somebody else again. And this is constant to the point to where you almost have to be with him all the time. We just don't have the staff to do that.

*Id*. Phelps acknowledged that he witnessed Mills "being paranoid" and that Mills "has possibly some delusions[.]" *Id*. at 8. Williams offered similar testimony and stated, "[W]e have to have constant interaction with [Mills]. It takes our focus off the rest of the jail." *Id*. at 16. The trial court took the matter under advisement.

[5] The chronological case summary (CCS) indicates that two days later, Mills was "released to DOC for safekeeping." Appellant's App. Vol. 2 at 7. The CCS does not indicate that a written order was issued. On April 6, 2020, Mills filed a motion requesting that the trial court issue a nunc pro tunc entry "to clarify

---

[1] The trial court held an initial hearing on that charge after taking evidence on the motion to transfer.

the extent of the action taken regarding safekeeping[,]" *id*. at 93, as well as a belated motion to certify the order for interlocutory appeal. The motion to certify notes that Mills had been transferred to Wabash Valley Correctional Facility pending a competency evaluation that had been requested by his counsel. The trial court granted the motion for and issued a nunc pro tunc entry, which simply states that the court had "granted the request to transport Mills to the DOC for safekeeping." Appealed Order at 2. The court also certified the order for interlocutory appeal. On May 8, 2020, this Court accepted jurisdiction.

## Discussion and Decision

[6] Mills contends that the trial court erred in granting the motion to transfer him to the DOC, claiming that "[t]he State's interpretation of what constitutes a 'substantial threat to the safety of others' is overly broad." Appellant's Br. at 12 (emphasis omitted). Mills presents his claim as an issue of statutory interpretation, to be reviewed de novo. We believe that the ruling should be reviewed under the clearly-erroneous standard. *See* Ind. Trial Rule 52(A) ("On appeal of claims tried by the court without a jury … the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."). "A judgment is clearly erroneous when a review of the materials on appeal leaves us firmly convinced that a mistake has been made." *Hutchison v. Trilogy Health Servs., LLC*, 2 N.E.3d 802, 805 (Ind. Ct. App. 2014). A general judgment unaccompanied by any findings or conclusions will be affirmed on

any legal theory consistent with the evidence.  *Id*.  "We neither reweigh the evidence nor judge the credibility of the witnesses."  *Ponziano Constr. Servs., Inc. v. Quadri Enters., LLC*, 980 N.E.2d 867, 873 (Ind. Ct. App. 2012).

[7]  A review of the hearing transcript does not leave us firmly convinced that a mistake has been made in this case.  Mills battered a fellow inmate severely enough to warrant a level 6 felony battery charge,[2] regularly agitated the other inmates in his cell block, threw his excrement outside his cell and threatened to throw it on jail staff, and strained the jail's limited resources, which, as the State correctly observes, "could only serve to decrease the safety and security of inmates and staff."  Appellee's Br. at 14.  The foregoing would amply support a finding that Mills represented "a substantial threat to the safety of others" for purposes of Indiana Code Section 35-33-11-1.  Mills's assertions to the contrary are merely invitations to reweigh the evidence, which we may not and will not do.  Therefore, we affirm.[3]

---

[2] A simple battery, i.e., a knowing or intentional touching of another person in a rude, insolent, or angry manner, is a class B misdemeanor; a level 6 felony battery involves "moderate bodily injury," which means "any impairment of physical condition that includes substantial pain."  Ind. Code §§ 35-42-2-1, 35-31.5-2-204.5.  The charging information for Mills's battery alleges that he kicked another inmate in the head, causing him to fall down and resulting in a concussion.  Tr. Vol. 2 at 36.

[3] Mills argues that we should require jail authorities to pursue civil commitment proceedings against an inmate before they may seek to have the inmate transferred pursuant to Section 35-33-11-1.  This is a public policy matter for the legislature to consider.

[8]     Affirmed.

Robb, J., and Brown, J., concur.